**Steven James MARSHALL, Appellant,**

v.

**C. Leslie DAWSON, Secretary for Human Resources, Appellee.**

Supreme Court of Kentucky.

June 25, 1976.

Louis V. Mangrum, Mayfield, for appellant.

Forest Smith, Dept. for Human Resources, Frankfort, for appellee.

PER CURIAM.

The primary issues presented by this appeal concern the refusal of the Department for Human Resources to supply Steven James Marshall certain medication under the Medical Assistance Program and whether such refusal was a violation of his constitutional right of equal protection.

As a result of an automobile accident, Marshall was permanently and totally disabled in that he was paralyzed from his

neck down. He was approved for aid to the totally and permanently disabled and thereby became eligible to participate in the state Medical Assistance Program. Many of the medicines prescribed for Marshall's treatment were not included on the Medical Assistance drug lists as adopted by the department. Consequently, payment for such drugs was refused. Marshall contended before the board that such drugs were essential to the maintenance of life, and for this reason they should either be furnished him under the Medical Assistance Program or the amount of his award increased to a sum sufficient to pay for the drugs. The board administratively denied coverage which decision was approved by its hearing officer, the appeal board, and by the Graves Circuit Court. Upon this appeal, Marshall reasserts his claim of entitlement to the drugs required by his ailment.

The scope of medical care is required to be designated and limited by regulations promulgated by the department pursuant to pertinent statutory provisions. One of such provisions required the preparation of a medical drug list. This list was duly prepared and adopted and designates medication available to participants in the Medical Assistance Program. The list is rather comprehensive and covers numerous areas in the health field. However, it is admitted that some of the medication required by Marshall is not on the approved list. Yet, it is also evident that Marshall's condition is not one that is generally found and that a program tailored to fit the needs of a majority of the public would not necessarily be required to include the type medication now sought by Marshall. Medical care benefit standards as to quality and quantity and the method of determining the cost within each category of public assistance and recipients are required to be uniform throughout the state, and the department is required to adopt regulations to effect these standards. KRS 205.560.

The record clearly indicates that the department, acting by and through its duly designated officials and within the scope of its statutory authority, promulgated and adopted a medical assistance program together with the included medical drug list. Of necessity the drug list was required to be of a general nature and was not intended to reach into each nook and cranny of the medical field and thus provide for all drugs required by those benefiting from the system.

This court is of the opinion that the adoption of the rules as promulgated, including the medical drug list, was carried out within the scope of the statutory authority and upon consideration of the overall Medical Assistance Program and is not arbitrary.

Marshall claims that the omission of drugs necessary for his well being violated his constitutional rights and particularly the equal protection clause. There is no merit in such claim. The classification, as adopted by the department, had a reasonable basis and therefore does not offend the equal protection clause merely because it is not made with mathematical niceties or because in practice it results in some inequality. It is unfortunate that drugs required by Marshall are not on the list. However, the classification is of such a nature that it could not be construed as a denial of Marshall's constitutional rights.

The judgment is affirmed.

All concur.